**United States District Court**
**Central District of California**

**UNITED STATES OF AMERICA vs.**                    <u>**CR-17-415-R**</u>
Defendant<u>**: STEVEN ANTHONY QUINTANA**</u>           S.S.#<u>-------6280</u>
   AKA: <u>"Slugger"; "Lil Slugger"</u>

--------------------------------------------------------------------
**JUDGMENT AND PROBATION/COMMITMENT ORDER**
--------------------------------------------------------------------
   In the presence of the attorney for the government, the defendant
appeared in person, on:<u>   December 4, 2017</u>
               Month / Day / Year

COUNSEL:<u> XX </u> WITH COUNSEL<u>      Asal Akhondzadeh, DFPD     </u>

<u> X </u>PLEA:
    <u> X </u>GUILTY, and the Court being satisfied that there is a factual
basis for the plea.
    <u>    </u>NOLO CONTENDERE       <u>    </u>NOT GUILTY

FINDING:
    There being a FINDING of <u> X </u> GUILTY, defendant has been convicted
as charged of the offense(s) of:   Possession with Intent to Distribute
of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),
(b)(1)(B)(viii), as charged in count one of the Indictment.

JUDGMENT AND PROBATION/COMMITMENT ORDER:
     The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgement of the court the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of:
    **One hundred eighty (180) months.**

    IT IS FURTHER ADJUDGED that upon release from imprisonment
defendant shall be placed on supervised release for eight(8) years,
under the following terms and conditions:

1.   The defendant shall comply with the rules and regulations of the
     United States Probation Office and General Order 05-02.

2.   The defendant shall refrain from any unlawful use of a controlled
     substance. The defendant shall submit to one drug test within 15
     days of release from custody and at least two periodic drug tests
     thereafter, not to exceed eight tests per month, as directed by
     the Probation Officer.

3.   The defendant shall participate in an outpatient substance abuse
     treatment and counseling program that includes urinalysis, breath
     and/or sweat patch testing, as directed by the Probation Officer.
     The defendant shall abstain from using illicit drugs, and from
     abusing alcohol and prescription medications during the period of
     supervision.

**-- GO TO PAGE TWO --**                    <u>     CCH      </u>
                                             Deputy Clerk

===========================================================
## JUDGMENT AND PROBATION/COMMITMENT ORDER
===========================================================

4. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required.

5. The defendant shall reside for a period of six months in a residential reentry center community corrections component, as directed by the Probation Officer, and shall observe the rules of that facility.

6. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

7. When not employed or excused by the Probation Officer for schooling, training, or other acceptable reasons, the defendant shall perform 20 hours of community service per week as directed by the Probation Office.

8. The defendant shall cooperate in the collection of a DNA sample from the defendant.

9. The defendant shall not associate with anyone known to him to be a member of the Azusa 13 Gang and others known to him to be participants in the Azusa 13 Gang's criminal activities, with the exception of his family members. He may not wear, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing that defendant knows evidence affiliation with the Azusa 13 Gang, and may not display any signs or gestures that defendant knows evidence affiliation with the Azusa 13 Gang.

10. As directed by the Probation Officer, the defendant shall not be present in any area known to him to be a location where members of the Azusa 13 Gang meet and/or assemble.

IT IS FURTHER ORDERED that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

IT IS FURTHER ORDERED Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

### -- GO TO PAGE THREE --
                 CCH
                Deputy Clerk

=========================================================

## JUDGMENT AND PROBATION/COMMITMENT ORDER

=========================================================

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

The Court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment.

Signed by:          District Judge _____

                                  **MANUEL L. REAL**

                                  Kiry Gray, Clerk of Court

Dated/Filed: _December 4, 2017_      By_ /s/ Christine Chung_____
              Month / Day / Year         Christine Chung, Deputy Clerk


In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

---

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐    The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By

_____      _____

Date          Deputy Marshal

---

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

B
y

_____          _____
Filed                                                      Deputy Clerk
Date

=================================================================

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)_____          _____
              Defendant                                      Date


_____          _____
U. S. Probation Officer/Designated Witness                    Date